Brian J. Hilverda [ISB No. 7952]
Steven R. McRae [ISB No. 7984]
HILVERDA MCRAE, PLLC
812 Shoshone Street East
P.O. Box 1233
Twin Falls, ID 83303-1233
Telephone No. (208) 944-0755
Facsimile No. (208) 736-0041
bhilverda@magicvalleylegal.com


Attorneys for Plaintiffs


IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRUCE WAYNE THOMPSON, and CYNTHIA THOMPSON, husband and wife, | Case No. _____ |
| Plaintiffs, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| CHRISTIAN HEALTHCARE MINISTRIES, INC., an Ohio corporation for non-profit, | |
| Defendant. | |

Plaintiff BRUCE WAYNE THOMPSON and CYNTHIA THOMPSON, by and through

their attorney of record, Hilverda McRae, PLLC, hereby submits the following *Complaint*

*and Demand for Jury Trial* against Defendant CHRISTIAN HEALTHCARE MINISTRIES, INC.

**PARTIES**

1.      At all times material hereto, Plaintiff Bruce Wayne Thompson and Cynthia

Thompson resided in the County of Bingham, State of Idaho.


COMPLAINT AND DEMAND FOR JURY TRIAL - 1

2.     At all times material hereto, Defendant CHRISTIAN HEALTHCARE MINISTRIES, INC. (hereinafter referred to as "CHM") has been and now is a corporation domiciled in Ohio, doing business in the State of Idaho.

### JURISDICTION

3.     Jurisdiction is proper in this Court in that Defendant committed tortious acts within the state of Idaho, to wit, within Bingham County, Idaho, and that diversity jurisdiction exists under 28 U.S.C. §1332 in that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and the case is between parties of different states.

### COUNT I – BREACH OF CONTRACT

4.     On or about June 1, 2016, Plaintiff and Defendant entered into a contract under the "Gold Program" with a "Brother's Keeper" rider.  This coverage was  for participation in shared medical expenses contract whereby Defendant agreed to share in the cost of Plaintiffs medical expenses.

5.     At the time of application, Plaintiffs disclosed that Cynthia Thompson had a cognitive impairment, known as "Primary Progressive Aphasia" (PPA).

6.   On or about June 20, 2016, Plaintiff Cynthia, for the first time, was diagnosed with "CNS-Lymphoma" (CNS-L).

7.   Defendant, pursuant to the contract, was responsible to indemnify Plaintiffs for incurred medical expenses.

8.   On or about July 12, 2016, Plaintiffs invoked the benefits of their contract by submitting the Needs Processing Form for cost sharing of the medical expenses that started incurring on or about June 16, 2016, by Plaintiff Cynthia Thompson for her care and

treatment of CNS-L. The amount of bills for treatment that have not been covered by the agreement exceeds $750,000.

9.  On or about September 16, 2016, Plaintiffs received Acknowledgement of Receipt for Ineligible Needs, stating the medical expenses were ineligible for cost sharing because they were related to a pre-existing condition.

10.  The denial of benefits is a breach of the contract, which caused direct and consequential damages to Plaintiffs.

11.  Plaintiff is entitled to collect in an amount to be proven at trial.

### COUNT II – BAD FAITH

12.  Plaintiffs incorporate herein by reference all of the above and foregoing allegations of this complaint.

13.  Defendant's denial of benefits was unreasonable and not fairly debatable and as such amounted to the tort of bad faith.

14.   As a direct and approximate result of Defendants' bad faith as asserted herein, Plaintiffs have been deprived of the benefits to which they were entitled and for which they bargained in the contract and was forced to incur expenses to obtain the benefits to which they were otherwise entitled and Plaintiffs have otherwise been damaged in amounts to be determined at trial.

### COUNT III - BREACH OF FIDUCIARY DUTY

15.   Plaintiffs incorporate herein by reference all of the above and foregoing allegations of this complaint.

16.   Defendant owe fiduciary duties of care, loyalty and good faith to the Plaintiffs. Defendants' fiduciary duties include obligations to exercise good judgment.

17.    Defendant placed its interest above those of the Plaintiffs in refusing to pay the benefits owed under the contract. This amounts to a breach of the duty owed to Plaintiffs.

18.    As a result of the breach, the Plaintiffs have been damaged in amounts to be proven at trial.

## COUNT IV - BREACH OF THE IDAHO CONSUMERS PROTECTION ACT

19.    Plaintiffs incorporate herein by reference all of the above and foregoing allegations of this complaint.

20.    Defendant is bound by the Idaho Consumer Protection Act located at Idaho Code §48-601 *et seq*.

21.    Defendant violated that act by not providing the services as advertised and promised in the agreement, unreasonably denying the Plaintiffs' claims for benefits, and engaging in practices that led plaintiffs to believe they would be covered for medical expenses, only to have the benefits denied.

22.    The violations of this act caused the Plaintiffs damages in amounts to be proven at trial.

## DEMAND FOR JURY TRIAL

23. A jury trial is demanded on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendant as follows:

1.  That judgment be entered in their favor and against Defendant;

2.  That they be awarded damages in an amount to be proven at trial, in excess of $75,000;

3. For pre-judgment interest, post-judgment interest, and attorneys fees' and costs, to the extent such are allowed by law;

4. For such other and further relief as the Court finds just and equitable in the premises.

DATED this 18th day of June, 2018.

HILVERDA MCRAE, PLLC


By: /s/ Brian J. Hilverda
Brian J. Hilverda
Attorney for Plaintiffs